PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RANDALL CULLER, | ) | |
| | ) | CASE NO. 4:15CV2318 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| EXAL CORPORATION, *et al.*, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendants. | ) | **ORDER** [Resolving ECF No. 5] |

Pending before the Court is a Motion for Partial Dismissal filed by Defendants Exal Corporation ("Exal") and Nancy Spencer ("Spencer"). ECF No. 5. Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants move the Court to dismiss Plaintiff's claim for intentional infliction of emotional distress. ECF No. 1 at PageID #: 6, ¶¶ 72–76. The Court has been advised, having reviewed the record, the parties' briefs and the applicable law. For the reasons set forth below, the Court grants the motion.

**I. Background & Procedural Facts**

Plaintiff began employment at Exal in April 2013. ECF No. 1 at PageID #: 2, ¶ 9. On Thursday, January 29, 2015, Plaintiff left work early due to alleged illness. ECF No. 1 at PageID #: 2, ¶ 15. Later that night, Plaintiff was pulled over during a traffic stop and charged with drug possession. ECF No. 1 at PageID #: 2, ¶ 16. Plaintiff called off work at Exal the following day due to these circumstances. ECF No. 1 at PageID #: 2, ¶ 17. When Plaintiff sought to return to work, Exal's Human Resources Manager, Spencer, told Plaintiff not to come to work on the next

(4:15CV2318)

day, as well.  ECF No. 1 at PageID #: 2, ¶ 18.  When Plaintiff was allowed to return to work, he failed a drug screening test given by Defendants.  ECF No. 1 at PageID #: 2, ¶¶ 21–22.  In accordance with Exal's policies, Plaintiff was suspended for ten days and told to attend a drug assessment program.  ECF No. 1 at PageID #: 3, ¶¶ 23–24.  Plaintiff attended the program and was recommended for an additional, more intensive program due to his drug dependency.  ECF No. 1 at PageID #: 3, ¶ 26.  Upon completion of the programs, Plaintiff reported to Spencer that he was ready to return to work.  ECF No. 1 at PageID #: 3, ¶¶ 32–33.  Spencer then told Plaintiff that he had been terminated for his dishonesty on January 29, 2015.  ECF No. 1 at PageID #: 4, ¶¶ 39–42.  Plaintiff alleges that, as a result of these occurrences, he suffered physical illness and mental anguish.  ECF No. 1 at PageID #: 4, ¶ 49.

      Plaintiff filed a three-count Complaint against Exal Corporation and Nancy Spencer on November 11, 2015.  ECF No. 1.  The Complaint alleges claims of (1) retaliatory discharge in violation of the Family and Medical Leave Act; (2) wrongful discharge based on disability discrimination; and (3) intentional infliction of emotional distress.[1]  ECF No. 1.  Defendants filed a motion for partial dismissal on December 28, 2015 taking issue with the third count for intentional infliction of emotional distress.  ECF No. 5.  Plaintiff opposes the motion and Defendants have filed a brief in support.  ECF No. 7; ECF No. 9.  The matter is ripe for adjudication.

---

[1] Plaintiff alleges that "Defendants' conduct was so extreme and outrageous as to go beyond all possible bounds of decency and was such that it can be considered as utterly intolerable in a civilized community."  ECF No. 1 at PageID #: 6, ¶ 74.

…

(4:15CV2318)

## II. Legal Standard

To survive a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, the plaintiff's complaint must allege enough facts to "raise a right to relief above the speculative level." *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir.2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Federal Rule of Civil Procedure 8(a)(2) requires only that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2).  However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly* at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)).  A complaint requires "further factual enhancement," which "state[s] a claim to relief that is plausible on its face." *Id.* at 557, 570.  A claim has facial plausibility when there is enough factual content present to allow, "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  When a claim lacks "plausibility in th[e] complaint," that cause of action fails to state a claim upon which relief can be granted.  *Twombly* at 564.

## III. Analysis

Plaintiff alleges that Defendants subjected him to infliction of emotional distress in violation of state tort law.  In order to prevail on a claim for intentional infliction of emotional distress under Ohio law, a plaintiff must prove facts showing that: (1) the defendant intended to cause the plaintiff serious emotional distress; (2) the defendant's conduct was extreme and

(4:15CV2318)

outrageous; and (3) the defendant's conduct was the proximate cause of the plaintiff's distress. Long v. Ford Motor Co., 193 F. App'x. 497 (6th Cir. 2006) (citing Phung v. Waste Mgt., Inc., 491 N.E.2d 1114 (Ohio 1986)). Defendants argue that Plaintiff has failed to sufficiently plead facts establishing "extreme and outrageous" conduct.

"[T]o say that Ohio courts narrowly define 'extreme and outrageous conduct' would be something of an understatement." Baab v. AMR Servs. Corp., 811 F. Supp. 1246, 1269 (N.D. Ohio 1993) (holding that the plaintiff's receipt of pornographic, explicit photographs, and sex toys in her locker was not intolerable in a civilized society and therefore not extreme or outrageous). The Supreme Court of Ohio has described what constitutes extreme and outrageous conduct: "It has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been so characterized 'malice,' or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort." Flagg v. Staples the Office Suppliers, No. 1:14CV0004, 2015 WL 5730732 (N.D. Ohio 2015) (quoting Yeager v. Local Union 20, Teamsters, Chauffeurs, Warehousemen & Helpers of Am., 453 N.E.2d 666 (Ohio 1983)). "Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'" Id. Ohio courts' definition of "Outrageous!" is exceedingly narrow. Wolfe v. Thermo Fischer Scientific, Inc., 2009 WL 1255023, *2 (S.D. Ohio, 2009). Relying on this definition, courts have dismissed intentional infliction of emotional distress claims involving significantly severe conduct. Id. (finding an employer's sexually-charged remarks, false charge of sexual harassment and false imprisonment

4

(4:15CV2318)

of the plaintiff for four hours with no food or water while interrogating, intimidating, harassing and embarrassing her insufficiently extreme or outrageous).

Ohio places a particularly high bar on "extreme and outrageous" conduct in the employer-employee relationship.  For example, in *Jackson v. City of Columbus*, the Chief of Police of Columbus filed suit against his employer, the City of Columbus, for claims including intentional infliction of emotional distress.  The City began a mayoral investigation of Jackson and, in the process, Jackson was reassigned to his residence, prohibited from speaking to the media, and banished from the police department and all other city facilities.  *Jackson v. City of Columbus*, 194 F.3d 737, 744 (6th Cir. 1999), *abrogated on other grounds*, *Swierkiewicz v. Sorema*, 534 U.S. 506 (2002).  After the investigation concluded, Jackson was formally suspended and the City published a draft report of the findings of the investigation regarding the results of the investigation.  *Id.*  The Sixth Circuit held that these facts were insufficient to satisfy "extreme and outrageous" conduct.  *Id.* at 753.  Moreover, the court held that when an employer does no more than insist on its legal rights in a permissible way, "an employer is not liable for an employee's emotional distress."  *Id.* at 755.

Similarly, in *Talley v. Family Dollar Stores of Ohio*, a cashier filed suit against her employer for discrimination and intentional infliction fo emotional distress.  Talley worked at several of the store's locations, but had to take medical leave from her job due to health issues.  *Talley v. Family Dollar Stores of Ohio, Inc.*, 542 F.3d 1099, 1102 (6th Cir. 2008).  When Talley returned to work, her degenerative osteoarthritis, torn knee ligament, and recent quadruple bypass surgery, necessitated the use of a stool while at her cashier station.  *Id.*  Upon request by her

5

(4:15CV2318)

supervisor, Talley provided a medical note showing need of such stool, but the supervisor refused to open the note or schedule a meeting to discuss the issue. *Id.* at 1111. The supervisor also lied to Talley about meetings regarding the issue, delayed calling her back to work, threatened her with loss of benefits, and contacted other Family Dollar stores to prevent her from using a stool at those stores. *Id.* Despite this conduct, the appellate court held that the supervisor's conduct did not qualify as "extreme and outrageous" upholding dismissal of Talley's claim. *Id.*

Assuming the correctness of each of Plaintiff's allegations and that his statements are not merely conclusory, Defendants' conduct was not extreme and outrageous. *Stewart v. Suarez Corp. Indus.*, No. 5:15-cv-1425, 2015 WL 8272951, *5 (N.D. Ohio Dec. 8, 2015) (granting a motion to dismiss where an employer's conduct did not qualify as "extreme and outrageous" when the employer heard that an employee was considering retirement, eliminated that employee's position and terminated him, despite employee's actual intent not to retire). The alleged conduct is even less compelling than *Jackson* and *Talley*'s attempts to satisfy "extreme and outrageous." Plaintiff has pled that he left work due to illness on January 29, 2015, was pulled over and charged for drug possession later that night. And, after attending a mandatory drug dependency program, Defendants terminated him for his dishonesty on January 29, 2015. Plaintiff has pled that Defendants terminated plaintiff in a manner that is allegedly retaliatory or discriminatory. Ohio law specifically speaks to this sequence of events in relation to intentional infliction of emotional distress: "An employee's termination, even if based upon discrimination, does not rise to the level or 'extreme and outrageous conduct' without proof of something more."

(4:15CV2318)

*Talley* at 1111 (citing *Godfredson v. Hess & Clark, Inc.*, 173 F.3d 365, 376 (6th Cir. 1999)); *Ekunsumi v. Cinncinnati Restoration, Inc.*, 698 N.E.2d 503, 506 (Ohio Ct. App. 1997); *Lopez v. Am. Family Ins. Co.*, 618 F. App'x 794, 805 (6th Cir. 2015). Because Plaintiff has failed to allege "proof of something more," Defendants' conduct does not rise to the level of "extreme and outrageous."

In opposition, Plaintiff argues that he has sufficiently alleged "extreme and outrageous" conduct because his complaint only needs to provide Defendants with fair notice of his claim for intentional infliction of emotional distress. ECF No. 7 at PageID #: 46, ¶ 1. Plaintiff further argues that a defendant must show beyond a doubt that plaintiff can prove no set of facts entitling him to recovery in order to grant a motion to dismiss. ECF No. 7 at PageID # 47, ¶ 4.

Despite his protestations, Plaintiff provides no factual allegations beyond the foregoing account of his termination to support his position that Defendants' conduct qualifies as "extreme and outrageous." Such a benign and "threadbare recital of the elements of a cause of action" does not suffice. *Iqbal* at 664 (citing *Twombly* at 555). When a plaintiff fails to cite to specific behavior and does not note any specific allegations in the complaint regarding the defendant's intent and motivations, the complaint is insufficient and conclusory. *Stewart*, 2015 WL 8272951, at *4. In this case, Plaintiff has failed to allege conduct that a reasonable person could conclude is "beyond all possible bounds of decency." *Liadis v. Sears, Roebuck and Co.*, 47 F. App'x 296, 299 (6th Cir. 2002) (quoting *Yeager* at 671). As such, Plaintiff has failed to state a claim upon which relief can be granted under the *Twombly* and *Iqbal* standard. *Stewart*, 2015

(4:15CV2318)

WL 8272951, *2 (citing *Bear v. Delaware Cty., OH*, No. 2:14-cv-43, 2014 WL 6808981, *11 (S.D. Ohio Dec. 2, 2014)).

Ultimately, based on the facts presented, Defendants' conduct does not rise to the level of being extreme and outrageous or going " beyond all possible bounds of decency, [or being] regarded as atrocious, [or] utterly intolerable in a civilized community." *Long* at 503 (quoting *Yeager* at 671). Because Plaintiff has failed to allege "extreme and outrageous" conduct on the part of Defendants, he has also has failed to state a claim for intentional infliction of emotional distress.

### **IV. Conclusion**

For the foregoing reasons, the Court grants Defendants' Motion for Partial Dismissal. ECF No. 5.

IT IS SO ORDERED.

| | |
|---|---|
| June 15, 2016 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |